IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | |
|---|---|
| **CHARLES A. SMITH, S.R.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION** |
| v. ) | **NO. 1:08CV00046** |
| ) | |
| **D.C. 1980, INC.; D.C. 1980, INC. f/k/a** ) | |
| **CONNECTICUT VALLEY ARMS, INC.;**) | |
| **BLACKPOWDER PRODUCTS, INC.;** ) | |
| **CONNECTICUT VALLEY ARMS, INC.;**) | |
| **and DIKAR S. COOP. LTDA.,** ) | |
| ) | |
| **Defendants.** ) | |

### ANSWER OF DIKAR S. COOP.

COMES NOW Dikar S. Coop., individually, named as a Defendant in the above-styled matter, hereby answers Plaintiff's Complaint in the above matter as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails state a claim against this Defendant upon which relief may be granted.

### SECOND DEFENSE

Responding to the specifically numbered allegations of Plaintiff's Complaint, Defendant shows the following:

### COUNT I

### The Parties

1.      This Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph one of Plaintiff's Complaint, and therefore can neither admit nor deny same.

2. Paragraph two of Plaintiff's Complaint does not relate to this Defendant, and accordingly, no response is required. To the extent any response is required, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph two of Plaintiff's Complaint, and therefore can neither admit nor deny same.

3. Paragraph three of Plaintiff's Complaint does not relate to this Defendant, and accordingly, no response is required. To the extent any response is required, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph three of Plaintiff's Complaint, and therefore can neither admit nor deny same.

4. In response to paragraph four of Plaintiff's Complaint does not relate to this Defendant, and accordingly, no response is required. To the extent any response is required, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph four of Plaintiff's Complaint, and therefore can neither admit nor deny same.

5. Paragraph five of Plaintiff's Complaint is denied as pled. However, in further response, this Defendant does submit it is a foreign corporation with its principle place of business as set forth in paragraph five of the Complaint, and that all relevant times hereto it was engaged in the business of designing, manufacturing, constructing, and assembling muzzleloading rifles in the Country of Spain. Defendant further agrees that it would be subject to service of process through the Hague Convention. The remainder of paragraph five of Plaintiff's Complaint is denied.

## COUNT II

### Jurisdiction and Venue

1. This Defendant restates and realleges all affirmative defenses herein, as well as its response to each and every allegation of Plaintiff's Complaint as set forth in response to Count I.

Abingdon: 755951-1

2. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph two of Plaintiff's Complaint and therefore can neither admit nor deny same.

3. Upon information and belief paragraph three of Plaintiff's Complaint is admitted as to subject matter and diversity. However, this Defendant states that personal jurisdiction of the action is improper as to this Defendant.

4. Paragraph four of Plaintiff's Complaint does not require an answer from this Defendant as it does not allege a fact.

## COUNT III

### The Facts

1. This Defendant restates and realleges all affirmative defenses herein, as well as its response to each and every allegation of Plaintiff's Complaint as set forth in response to Count I, and Count II.

2. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph two of Plaintiff's Complaint and therefore can neither admit nor deny same.

3. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph three of Plaintiff's Complaint and therefore can neither admit nor deny same.

4. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph four of Plaintiff's Complaint and therefore can neither admit nor deny same.

5. Paragraph five of Plaintiff's Complaint is denied.

## COUNT IV

### Strict Liability

1. This Defendant restates and realleges all affirmative defenses herein, as well as its response to each and every allegation of Plaintiff's Complaint as set forth in response to Count I, Count II, and Count III.

2. This Defendant denies it distributed the gun in the United States.  However, this Defendant does admit that it designed and manufactured the muzzleloading firearm which is the subject of this litigation.

3. Paragraph three of Plaintiff's Complaint is denied.

4. Paragraph four of Plaintiff's Complaint is denied as pled.

5. Paragraph five of Plaintiff's Complaint is denied.

## COUNT V

### Negligence

1. This Defendant restates and realleges all affirmative defenses herein, as well as its response to each and every allegation of Plaintiff's Complaint as set forth in response to Count I, Count II, Count III, and Count IV.

2. Paragraph two of Count V of Plaintiff's Complaint is denied.

3. Paragraph three of Count V of Plaintiff's Complaint is denied.

## COUNT VI

### Failure to Warn

1. This Defendant restates and realleges all affirmative defenses herein, as well as its response to each and every allegation of Plaintiff's Complaint as set forth in response to Count I, Count II, Count III, Count IV, and Count V.

2. Paragraph two of Count VI of Plaintiff's Complaint is denied.

3. Paragraph three of Count VI of Plaintiff's Complaint is denied.

## COUNT VII

### Breach of Warranties

1. This Defendant restates and realleges all affirmative defenses herein, as well as its response to each and every allegation of Plaintiff's Complaint as set forth in response to Count I, Count II, Count III, Count IV, Count V, and Count VI.

2. In response to paragraph two of Count VII of Plaintiff's Complaint this Defendant states that at the time the gun was manufactured and sold by this Defendant to D.C. 1980, Inc. (f/k/a Connecticut Valley, Arms, Inc.) in the Country of Spain, this Defendant warranted that if the instructions were properly followed, and no abuse or misuse occurred, the gun could be used in a safe, marketable, and fit fashion.

3. The allegations of paragraph three of Count VII of Plaintiff's Complaint are denied.

4. The allegations of paragraph four of Count VII of Plaintiff's Complaint are denied.

## COUNT VIII

### Injuries and Damages

1. This Defendant restates and realleges all affirmative defenses herein, as well as its response to each and every allegation of Plaintiff's Complaint as set forth in response to Count I, Count II, Count III, Count IV, Count V, Count VI, and Count VII.

2. Denying liability as to this Defendant, Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the matters asserted with respect to Plaintiff's injuries and damages and therefore can neither admit nor deny same.

3. The allegations of paragraph three of Count VIII of Plaintiff's Complaint are denied.

Abingdon: 755951-1

### THIRD DEFENSE

This Defendant denies that it is liable to the Plaintiff in the amount sued for, or any amount, for any reason whatsoever.

### FOURTH DEFENSE

This Defendant affirmatively alleges that the Plaintiff's negligence was a or the proximate cause of the alleged incident.

### FIFTH DEFENSE

The Plaintiff voluntarily and knowingly assumed the risk of incurring the injuries or damages alleged.

### SIXTH DEFENSE

The incident and injuries alleged are the result of the acts or omissions of others for whom this Defendant is not responsible and/or a cause or causes over which this Defendant had no control and for which is not responsible to the Plaintiff.

### SEVENTH DEFENSE

This Defendant denies that it was guilty of any negligence or the breach of any duty that it may have owed to the Plaintiff.

### EIGHTH DEFENSE

This Defendant denies that it breached any warranty of any kind whatsoever with reference to the gun.

### NINETH DEFENSE

This Defendant affirmatively alleges that the injuries, damages and losses alleged to have been sustained by the Plaintiff were the result of an abuse or misuse of the gun.

## TENTH DEFENSE

This Defendant avers that Plaintiff did not rely upon any warranties or representations allegedly made or extended upon the sale of the gun.

## ELEVENTH DEFENSE

This Defendant avers that the Plaintiff failed to comply with the instructions, directions, and/or warnings accompanying the product manufactured and distributed and upon which the Plaintiff based his claim and Plaintiff's failure to comply with these instructions was the sole and proximate cause of the damages.

## TWELFTH DEFENSE

Any danger associated with the gun was open and obvious.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred because at all relevant times, Plaintiff was a knowledgeable user who is aware of the alleged hazards and therefore Plaintiff expressly or impliedly assumed the risk of any alleged damages.

## FOURTHEENTH DEFENSE

Plaintiff's causes of action are barred because a reasonable consumer would have been aware of the alleged risks imposed by the gun.

## FIFTEENTH DEFENSE

Plaintiff's causes of action are barred because the alleged damages resulted from new and independent, unforeseeable, superseding and/or intervening causes unrelated to the conduct of, or the product alleged to have caused the damages, by this Defendant.

## SIXTEENTH DEFENSE

Plaintiff's causes of action are barred because the alleged damages were not proximately caused by any act or omission of this Defendant.

## SEVENTEENTH DEFENSE

Plaintiff's breach of warranty causes of action are barred by the Uniform Commercial Code as enacted in Virginia.

## EIGHTEENTH DEFENSE

To the extent the Plaintiff alleges a continuing duty to warn, such cause of action is barred under Virginia law.

## NINETEENTH DEFENSE

This Court lacks jurisdiction over the person of this Defendant as it is a foreign corporation without an office or place of doing business in the United States.

## TWENTIETH DEFENSE

Plaintiff has failed to properly file and serve the lawsuit upon this Defendant within the applicable statute of limitations, or a reasonable time thereafter, and therefore, Plaintiff's Complaint against this Defendant is time barred.

## TWENTY-FIRST DEFENSE

This Defendant hereby gives notice that it intends to rely upon such other defenses that become available to it during the course of discovery and other proceedings and thus reserves the right to amend this list to assert such other defenses to which it may be entitled.

WHEREFORE, Defendant Dikar S. Coop. moves the Court to dismiss Plaintiff's Complaint and to award its costs incurred in the defense of this action.

DIKAR S. COOP.

By Counsel

Abingdon: 755951-1

James E. Singer
Georgia Bar No. 649028
BOVIS, KYLE & BURCH
200 Ashford Center North
Suite 500
Atlanta, Georgia 30338
Telephone:  770-391-9100
Facsimile:  770-668-0878

-and -


s/ W. Bradford Stallard
W. Bradford Stallard
Virginia State Bar No.  28149
PENN, SUTART & ESKRIDGE
Post Office Box 2288
Abingdon, Virginia 24212
Telephone:  276-628-5151
Facsimile:  276-628-5621

## CERTIFICATE OF SERVICE

I hereby certify that on November 25, 2009, the foregoing Answer of Dikar S. Coop. was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties, if any, will be served by regular U.S. Mail.  Parties may access this filing through the Court's electronic filing system.


s/ W. Bradford Stallard